10 CV 9225

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DARRELL EMERSON,

                                Plaintiff,

                  -against-

THE CITY OF NEW YORK, POLICE OFFICER JOHN
O'BRIEN, POLICE OFFICER GUZMAN, LIEUTENANT
WILLIAMS, and POLICE OFFICERS JOHN DOES #1-3
(names and number of whom are unknown at present), and
other unidentified members of the New York City Police
Department,

                                Defendants.

------------------------------------------------------------------- x

**10 CV**

**COMPLAINT**

JURY TRIAL DEMANDED

ECF CASE

RECEIVED DEC 0 9 2010 U.S.D.C. S.D.N.Y. COMPLETED

## PRELIMINARY STATEMENT

This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff was unlawfully detained by New York City police officers on June 4, 2010 at 1639 Nelson Avenue and was brought against his will and without legal basis to Bronx Lebanon Hospital. Plaintiff was deprived of his constitutional and common law rights when the individually named police officer defendants unlawfully confined plaintiff, and caused the unjustifiable arrest of plaintiff.

## JURISDICTION

1.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is

conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

2. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

3. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

4. Plaintiff Darrell Emerson is a citizen of the United States and a resident of the County of New York, City and State of New York.

5. New York City Police Officer John O'Brien is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

6. On the date of incident, June 4, 2010, Police Officer John O'Brien was assigned to the 46th Precinct.

7. Police Officer John O'Brien is being sued in his individual capacity and official capacity.

8. New York City Police Officer Guzman is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

9. On the date of the incident, June 4, 2010, Police Officer Guzman was assigned to the 46th Precinct.

10. Police Officer Guzman is being sued in his individual and official capacity.

11. New York City Police Lieutenant Williams is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

12. On the date of incident, June 4, 2010, Lieutenant Williams was assigned to the 46th Precinct.

13. Lieutenant Williams is being sued in her individual and official capacity.

14. New York City Police Officers John Doe #1-3 are and were at all times relevant herein officers, employees, and agents of the New York City Police Department.

15. Police Officers John Doe #1-3 are being sued in their individual capacity and official capacity.

16. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

17. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police

force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

18. On June 4, 2010 at approximately 5:40 a.m., plaintiff Darrell E. Emerson called 911 to report that he was being attacked by an individual with a knife in his apartment located at 1639 Nelson Avenue in Bronx County, State of New York.

19. Defendants Lieutenant Williams, Police Officer O'Brien, Police Officer Guzman and Police Officers John Does # 1-3 arrived at plaintiff's apartment at approximately 6:00 a.m. on June 4, 2010.

20. Plaintiff met the officers downstairs and explained to the officers that the individual who lived with him had a psychotic episode and attacked plaintiff with a knife.

21. Plaintiff's shirt had blood on it and he had several wounds to his body.

22. The individual who attacked plaintiff on June 4, 2010 had a history of psychological problems, wherein she became violent and delusional, but plaintiff allowed her to live with him out of the goodness of his heart because she had nowhere else to live.

23. The defendant officers who responded to plaintiff's apartment on June 4, 2010 knew that the individual who lived with plaintiff had psychological problems and was sometimes violent because they had responded to plaintiff's apartment in the past.

24. On June 4, 2010, the individual who lived with and attacked plaintiff fled the apartment before the police could arrive.

25. Instead of attempting to locate the individual who lived with and attacked plaintiff, the defendant officers placed plaintiff under arrest without probable cause.

26. Thereafter, defendants had plaintiff transported to Bronx Lebanon Hospital against his will.

27. Plaintiff was held at Bronx Lebanon Hospital for approximately eleven (11) hours.

28. The individually named defendant police officers accused plaintiff of being emotionally disturbed.

29. Defendants had no objective reason to believe plaintiff was emotionally disturbed.

30. Defendants had no objective reason to believe plaintiff was a danger to himself or others.

31. A medical evaluation at Bronx Lebanon Hospital concluded that plaintiff did not suffer from any form of psychosis.

32. At no time had plaintiff committed any crime or violation of law.

33. The false arrest, false imprisonment, and unlawful detention of plaintiff by Defendants caused plaintiff to sustain psychological and emotional trauma.

34. A notice of claim was timely served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

35. The plaintiff repeats, reiterates and realizes each and every allegation contained in paragraphs marked 1 through 34 with the same force and effect as if more fully set forth at length herein.

36. Defendants Lieutenant Williams, Police Officer O'Brien, Police Officer Guzman and Police Officers John Does # 1-3, who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned and detained without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

## False Arrest

37. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 36 with the same force and effect as if more fully set forth at length herein.

38. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

39.     Defendants Lieutenant Williams, Police Officer O'Brien, Police Officer Guzman and Police Officers John Does # 1-3 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

40.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

41.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## THIRD CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

42.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 41 with the same force and effect as if more fully set forth at length herein.

43.     The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Lieutenant Williams, Police Officer O'Brien, Police Officer Guzman and Police Officers John Does # 1-3, individuals who were unfit for the performance of police duties on June 4, 2010, at the aforementioned location.

44.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION

### Failure to Intervene

45. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 44 with the same force and effect as if more fully set forth at length herein.

46. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

47. Defendants failed to intervene to prevent the unlawful conduct described herein.

48. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints.

49. Defendants Lieutenant Williams, Police Officer O'Brien, Police Officer Guzman and Police Officers John Does # 1-3 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

50. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior

51. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## SIXTH CAUSE OF ACTION

### Negligence

52. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 51 with the same force and effect as if more fully set forth at length herein.

53. Defendants owed a duty of care to plaintiff.

54. Defendants breached that duty of care by falsely arresting plaintiff.

55. As a direct and proximate cause of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

56. All of the foregoing occurred without any fault or provocation by plaintiff.

57. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

58. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SEVENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

59. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 58 with the same force and effect as if more fully set forth at length herein.

60. By the actions described herein, defendants Lieutenant Williams, Police Officer O'Brien, Police Officer Guzman and Police Officers John Does # 1-3, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress

to plaintiff, Darrell Emerson. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

61. As a result of the foregoing, plaintiff was deprived of liberty and sustained great emotional injuries.

62. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

63. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

64. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Darrell Emerson shall recover compensatory damages in the sum of $1,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

    a.    That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

    b.    That the plaintiff has such other and further relief as the Court shall deem just and proper.

Dated:    New York, New York
               December 6, 2010

By: _David M. Hazan_
DAVID M. HAZAN
STUART E. JACOBS
JACOBS & HAZAN, LLP
Attorneys for Plaintiff
22 Cortlandt Street, 16th Floor
New York, NY 10007
(212) 788-8084